THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS CERTIFICATE TRUSTEE ON
BEHALF OF BOSCO CREDIT II TRUST SERIES
2017-1, BY FRANKLIN CREDIT MANAGEMENT
CORPORATION AS SERVICER,

    **Plaintiff,**

    **v.**

**MERVIN LUIS TORRES-RIVERA, et al.,**

    **Defendants.**

**Civil No. 19-1108 (ADC)**

## OPINION AND ORDER

Pending before the Court is plaintiff's motion for default judgment. **ECF No. 11**. However, plaintiff motion at **ECF No. 11** lacked several certified translations pursuant to Local Rule 5(g). On September 4, 2020 plaintiff submitted certified translations for Deed No. 429 and Deed 148. *See* **ECF Nos. 19-1, 19-2**.

According to the complaint at **ECF No. 1**, on January 27, 2007, defendants executed a First Mortgage ("Mortgage Deed No. 46") encumbering a property located in Ciales, Puerto Rico ("Property"), to secure a loan in the amount of $96,060.00. **ECF No. 1** at 2, **ECF No. 11-7**. On June 27, 2013, defendants executed a Mortgage Deed Modification ("Mortgage Deed Modification No. 148") increasing the principal amount owed to $109,566. **ECF No. 19-2**. On September 29, 2016,

defendant executed a second Mortgage Deed Modification ("Mortgage Deed Modification No. 429") increasing the principal amount to $114,112.19. **ECF No. 19-1**.

In its motion for default judgment at **ECF No. 11** plaintiff represented via "Verified Title Abstract with sworn statement which evidences [that] the mortgages are recorded in the Registry of Property." **ECF No. 11** at 2. According to that statement, plaintiff requested default judgment against defendants under the Mortgage Deed Modification No. 429 for the amount of $112,929.24, plus interest, late charges, and "10% of the modified principal amount of the note, in the amount of $11,411.22 to cover, costs, expenses, and attorney's fees guaranteed under the mortgage obligations," and foreclosure of the Property via public sale. **ECF No. 11** at 3-4.

However, after a careful review of the title study submitted by plaintiff at **ECF No. 11-10** at 2 and the Mortgage Deed Modification No. 429 at **ECF No. 19**, which certified translation was submitted on September 4, 2020, the Court notes that Mortgage Deed Modification No. 429 was filed at the Puerto Rico Property Registry but is pending recordation. Under Puerto Rico Mortgage Law, a mortgage is not legally binding until it is duly recorded in the Registry of Property. "It is indispensable, in order that [a] mortgage may be validly constituted, that the instrument in which it is created be entered in the registry of property." P.R. Laws Ann. tit. 31, § 5042. Under Puerto Rico law, recording is a "'constitutive' act for a mortgage, and without the existence of a mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt." *Soto-Ríos v. Banco Popular de P.R.*, 662 F.3d 112, 121 (1st Cir. 2011); see *Rosario Pérez,*15 P.R. Offic. Trans. 644, 115 D.P.R. 491.

Considering that plaintiff's motion for default judgment seeks foreclosure pursuant to the Mortgage Deed Modification No. 429, which is not yet recorded, the motion at **ECF No. 11** is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile once it shows that the Mortgage Deed Modification No. 429 is duly recorded or may move for alternative reliefs including, for example, foreclosure under any other recorded mortgage. The motion in compliance at **ECF No. 19** is **NOTED**. Clerk of Court is to update the docket to reflect that Attorney Áurea Y. Rivera-Alvarado is plaintiff's counsel of record and to notify said Attorney of all orders herein forward. Clerk of Court of to cease notifications to Attorney Isamaris Flechas-Romero.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**